IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DEBRA DEL CAMP**   **PLAINTIFF**

**V.**   **NO. 3:19-CV-00040-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration**[1]   **DEFENDANT**

## ORDER

### I. Introduction:

On March 7, 2016, Debra Del Camp applied for disability benefits, alleging disability beginning on February 21, 2004.[2] (Tr. at 14) Her claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ) denied Ms. Del Camp's application. (Tr. at 25) She requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Del Camp filed this case seeking judicial review of the decision denying her benefits.

For the reasons explained below, the Court reverses the Commissioner's decision and remands for further review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] Ms. Del Camp subsequently amended her alleged onset date to December 1, 2016. (Tr. at 14).

## II. The Commissioner's Decision:

The ALJ found that Ms. Del Camp had not engaged in substantial gainful activity since the amended alleged onset date of December 1, 2016. (Tr. at 16) At step two of the five-step analysis, the ALJ found that Ms. Del Camp had the following severe impairments: fibromyalgia, depression, and anxiety. *Id*.

After finding that Ms. Del Camp's impairments did not meet or equal a listed impairment (Tr. at 17), the ALJ determined that Ms. Del Camp had the residual functional capacity (RFC) to perform work at the medium level, with limitations. (Tr. at 19) She could bend and stoop frequently. *Id.* She was limited to work where interpersonal contact is incidental to the work performed, and the complexity of any tasks is learned and performed by rote, contains few variables, and requires little judgment. *Id*. Any necessary supervision would be simple, direct, and concrete. *Id.*

The ALJ found, based on Ms. Del Camp's RFC, that she was unable to perform any past relevant work. (Tr. at 23) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Ms. Del Camp's age, education, work experience and RFC, that she was capable of performing work in the national economy as dietary aide, auto detailer, and hospital housekeeper. (Tr. at 25) Thus, the ALJ determined that Ms. Del Camp was not disabled. *Id*.

## III. Discussion:

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole.

*Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Del Camp's Arguments on Appeal

Ms. Del Camp maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that the ALJ erred by not finding her vision problems and asthma to be severe impairments. In addition, she maintains that the ALJ failed to properly develop the record, erred by failing to fully incorporate all limitations in assigning the RFC, and posed a hypothetical to the VE that did not properly include all of her impairments. As explained below, the ALJ did not properly consider the significant limitations that Ms. Del Camp's vision problems imposed in assigning the RFC.

A severe impairment is one that significantly limits a person's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as mental and nonexertional functions, including: the ability to see, hear, and speak; the ability to understand, carry out, and remember simple instructions; the ability to use judgment; and the ability to respond appropriately to supervision, co-workers, usual work situations, and changes in work routine. *Lewis v. Barnhart*, 353 F.3d

3

642, 645 (8th Cir. 2003).

The ALJ found that Ms. Del Camp's vision problems were minimal and managed by corrective lenses. (Tr. at 17). He cited to Exhibits 4E, 7F, 11F, as well as to Ms. Del Camp's testimony. *Id.* Exhibit 4E did not mention Ms. Del Camp's vision. (Tr. at 318-325) Exhibit 7F was a record from Charles Retina Institute that cited Ms. Del Camp's problems with: proliferative vitreoretinopathy of the right eye, retinal detachment of the right eye, and acute iritis of the right eye. (Tr. at 773). The eye doctor scheduled surgery to repair the detached retina, which Ms. Del Camp underwent in 2017. (Tr. at 16-17, 774). Exhibit 11F is a record from Southern Eye Associates, which showed that Ms. Del Camp was having difficulty reading the newspaper, driving at night, and watching TV. At that time, she indicated that, in the preceding three months, her vision had gotten "real bad." (Tr. at 882). The next note described a gas bubble in Ms. Del Camp's eye after surgery and severe pain. (Tr. at 881) She was using a cold compress and Tylenol. *Id*. Ms. Del Camp testified that her right eye was very blurry and that her eye hurt when watching TV. (Tr. at 59) She said she could not use her laptop computer because of vision problems. *Id*. She was taking prescription medication for her eye problems. (Tr. at 880-882) Ms. Del Camp told her therapist that, after her eye surgery, she could still not see at all out of her right eye. (Tr. at 890)

This evidence, which the ALJ did not discuss, demonstrates that Ms. Del Camp's vision was significantly impaired. The ALJ did not give good reasons for discounting vision problems as a severe impairment at step two. Ms. Del Camp's argument that the ALJ should have scheduled a consultative vision examination or recontacted her treating

4

eye specialist has merit, because a treating source could have offered an opinion on visual functional limitations. Here, the RFC included no vision restrictions or limitations. Because the ALJ failed to find vision problems to be a severe impairment and did not properly consider that impairment at steps three through five of the standard analysis, the decision is not supported by substantial evidence.

## IV. Conclusion:

The ALJ's decision is not supported by substantial evidence. The ALJ erred at step two and, as a result, erred at steps three, four, and five. The decision is hereby reversed, and the case remanded with instructions for further review.

IT IS SO ORDERED, this 19th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE